## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KYEONG HO JEON and<br>JIN RANG JEON, on behalf of themselves<br>and other similarly situated,<br><br>    Plaintiffs.<br><br>v.<br><br>SK BEAUTY SUPPLY (aka SASSY BEUATY<br>MART) and SON CHON,<br>    Defendants. | )<br>)<br>)<br>) CIVIL ACTION:<br>) NO._____<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiffs, Kyeong Ho Jeon and Jin Rang Jeon ("Plaintiffs"), by and through his counsel, Brian Kim, PC., file this Complaint alleging as follows:

### NATURE OF THIS ACTION

1.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover overtime wages owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by a business known as SK Beauty Supply (a/k/a Sassy Beauty Mart) (hereinafter referred to as "SK") and Sun Chon ("Chon") as Cashiers.

2.

This action challenges Defendants' misclassification of Plaintiffs and similarly situated Cashiers as exempt from the overtime provisions of the FLSA. Plaintiffs bring this action on behalf of himself and similarly situated Cashiers in the United States who worked for Defendants but were not paid properly in accordance with the FLSA.

3.

During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiffs and similarly situated Defendants' employees who opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

**PARTIES**

4.

Kyeong Ho Jeon and Jin Rang Jeon, the named Plaintiffs in this action, ("Plaintiffs") are individuals who resided in the Northern District of Georgia during all relevant times.

5.

SK owns and operates four retail stores in Northern District of Georgia. The addresses of the three businesses are 3550 Centerville Highway #114, Snellville, GA 30039, 1234 S. Hairston Rd. #25, Stone Mountain, Georgia 30088, 3604 Panola Rd., Lithonia, GA 30038, and 3303 Centerville Highway, Snellville, Georgia.

6.

Defendant Chon, an individual, can be served by delivering a copy of summons and complaint to him at 1125 Swan Mill Ct., Suwanee, GA 30024.

7.

The Defendant Chon is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Defendant Chon controlled Plaintiffs' work schedules and conditions of employment.

9.

Defendant Chon determines the rate and method of payment for Plaintiffs.

10.

Defendant Chon is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

11.

Defendant SK transacts and has transacted regular, not isolated, acts of business in Gwinnett County and DeKalb, Georgia. It is unknown whether Defendant SK is an incorporated or not.

12.

Upon information and belief, Defendant SK's annual gross volume of sales or business is not less than $500,000.00.

13.

Defendant SK is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

14.

Defendant SK is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

15.

At all times relevant to this action, Defendant SK oversaw and had the responsibility for maintaining employment records of Plaintiffs.

16.

At all times relevant to this action, Defendant Chon oversaw and had the responsibility for maintaining employment records of Plaintiffs.

## Jurisdiction

17.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

18.

Venue is proper in the Northern District of Georgia in that Defendant Chon is a resident Gwinnett County, Georgia, which is within this judicial District.

## Facts

19.

Plaintiffs are former employees of Defendant SK and Defendant Chon ("Defendants").

20.

From December 15, 2017 to February 5, 2018, Plaintiffs were employed by Defendants.

21.

During relevant time hereto, Defendant Chon was Plaintiffs' direct supervisor.

22.

Throughout Plaintiffs' employment with Defendants, Plaintiffs were employed as a cashier, his primary duties included greeting customers, ringing up purchases, handling returns, and answering questions about products.

23.

Plaintiffs' primary duty did not include works requiring exercise of discretion and judgment.

24.

At all times relevant to this action, Plaintiffs were non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

25.

Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs a weekly wage of $690.00.

26.

Defendants paid some or all of Plaintiffs' wages in cash.

27.

Plaintiffs' compensation was intended to compensate forty (40) hours of work per a work week.

28.

Plaintiffs' regular hourly wage is $17.50 ($690.00 divided by 40).

29.

During the relevant time hereto, Plaintiffs worked fifty seven and half (57.5) hours per week for Defendants.

30.

Defendants failed to provide Plaintiffs with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

## CLAIM FOR RELIEF

### Count I: Violation of FAIR LABOR STANDARD ACT (FLSA)

31.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

32.

Plaintiffs were regularly compelled and scheduled to work more than forty hours per week.

33.

The Defendants were required in accordance with the FLSA to pay Plaintiffs one and one-half times their regular hourly rate of pay for their overtime work.

34.

The Defendants failed to pay Plaintiffs one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiffs a fixed wage regardless of the hours worked.

35.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiffs' employment violate the FLSA.

36.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiffs suffered a loss of wages of an amount to be determined at trial.

37.

Defendants, jointly and severally, owe the Plaintiffs overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

38.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs jointly and severally, for reasonable attorney's fees.

### Count II: Civil Damages for Fraudulent Filing of Information Returns (26 USC § 7434)

39.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

40.

At all time material hereto, Plaintiffs have been employee of Defendants.

41.

Pursuant to 26 U.S.C § 3111, Defendants were required to pay 6.2 percent of the Plaintiffs' wages to the United States for Old-Age, Survivors, and Disability Insurance (also known as Social Security Taxes) and 1.45 percent of the Plaintiffs' wages for Hospital Insurance (also known as Medicare Taxes).

42.

Defendant violated 26 U.S.C. § 3111 because they failed to pay such Social Security and Medicare Taxes.

43.

When Defendants filed their Internal Revenue Service Form 941, Employer's Quarterly Federal Tax Return, for the quarter ending December 31, 2017, they omitted or understated the amount of wages paid to Plaintiffs.

44.

Defendants' omission or understatement of Plaintiffs' wages in their Form 941 was false and fraudulent.

45.

Defendants' omission or understatement of Plaintiffs' wages was for their own wrongful enrichment.

46

As a consequence of Defendants' willful filing of fraudulent tax information return, Plaintiffs are entitled to recover damages from Defendants up to and including any actual damages sustained, or in any event not less than $5,000.00 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees, pursuant to 26 U.S.C. § 7434.

**Collective Action**

47.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collection action provision of the Act found at §216(b), for

appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Defendants which has deprived the Plaintiffs, as well as other similarly situated Defendants' employees, of their lawful wages.

48.

This case is brought on behalf of only those current and former employees who received fixed weekly wages and were requested to work over forty (40) hours in a work week. The similarly situated employees are uniformly classified by Defendant as "Exempt" employees not entitled to overtime pay for hours worked over forty (40) in a work week. Plaintiffs, and other similarly situated employees, typically worked greater than forty hours each week.

WHEREFORE, Plaintiffs demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;
2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;
3. Judgment in favor of Plaintiffs against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;
4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiffs against Defendants, jointly and severally, for reasonable attorney fees;
5. An order finding that Defendants violated 26 U.S.C. §3111;

6. Judgment in favor of Plaintiffs against Defendants, jointly and severally, pursuant to 26 U.S.C. § 7434;

7. Judgment in favor of Plaintiffs against Defendant, jointly and severally, for all taxable and non-taxable costs;

8. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

9. Such other, further and different relief as this Court deems appropriate.

This 9th day of March, 2018.

                                            Brian Plaintiffs, PC

                                            By: */s/ Brian G. Kim*
                                            Brian G Kim
                                            Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@leonandkim.com