# IN THE UNITED DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KYEONG HO JEON and ) | |
| JIN RANG JEON, on behalf of ) | |
| Themselves and other similarity situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action 1:18-CV01020-TCB |
| SK BEAUTY SUPPLY (aka SASSY ) | |
| BEAUTY MART) and SON CHON, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## CONSENT MOTION TO ENTER STIPULATED JUDGMENT

Plaintiffs and Defendants jointly move the Court to enter a stipulated judgment against Defendants in the amount of $13,000. The parties have included a proposed judgment for the Court's consideration.

Plaintiffs allege that Defendants violated the Fair Labor Standards Act. In their Statements of Claim (Doc. Nos. 7-1, and 7-2), each Plaintiff claims unpaid overtime of $2,264.06. Plaintiffs allege that their hourly regular pay was supposed to be $17.25 and that their hourly overtime pay should have been $25.86. Plaintiffs allege they worked an average of 57.5 hours per week for approximately five weeks. Each Plaintiff thus claims unpaid weekly overtime of $452.81. Together,

Plaintiffs claim unpaid overtime wages of $4,528.13, liquidated damages of $4,528.13 (and thus total compensatory damages of $9,056.25), and attorney's fees.

Defendants dispute both liability and damages. Defendants contend that they were not Plaintiffs' employer and that their annual gross sales did not exceed $500,000. (Doc. No. 12.) Defendants contend that Plaintiffs' base pay was only $12 per hour, that each Plaintiff worked only about 8.425 hours of overtime per week, and that the alleged underpayment was $505.50 for each Plaintiff. This would yield total compensation for both Plaintiffs of $1,011 and liquidated damages of $1,011 for a total of $2,022 plus attorney's fees (if any).

Nevertheless, Defendants have agreed to settle Plaintiffs' claims. Defendants will pay Plaintiffs $13,000 to settle all claims in exchange for a general release of Defendants and their affiliates. This entirely compensates Plaintiffs for their alleged unpaid wages and liquidated damages of $9,056.25 and leaves Plaintiffs $3,943.75 to compensate their attorney. The parties agree that this is a fair settlement and ask the Court to approve it.

The settlement is not binding unless approved by either the Court or by the Department of Labor. Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1355 (11th Cir.1982). As this settlement gives Plaintiffs all the

damages they have sought in a case where Defendants have contested both liability and damages, it is fair, and the Court should approve it.

This 17th day of September, 2018.

        BRIAN KIM PC

        By: s/ Brian G. Kim
           Brian G. Kim
           Georgia Bar No. 479330
           *brian@leonandkim.com*

        Attorney for Plaintiffs

1815 Satellite Blvd.  #303
Duluth, Georgia  30097
678-878-4200
404-878-4208 (fax)

        CARLOCK, COPELAND & STAIR, LLP

        By: s/ John C. Rogers
           JOHN C. ROGERS
           Georgia Bar No. 612741
           *jrogers@carlockcopeland.com*

        Attorney for Defendants

191 Peachtree Street, Suite 3600
Atlanta, Georgia  30303
404-522-8220
404-222-9482 (fax)

## CERTIFICATE OF SERVICE

I certify that I have this day served this Consent Motion to Enter Stipulated Judgment by filing it with the Court's electronic filing system, which should deliver copies to:

Brian G. Kim
1815 Satellite Blvd., #303
Duluth, GA 30097

This 17th day of September, 2018.

                                        CARLOCK, COPELAND & STAIR, LLP


                              By:  s/ John C. Rogers
                                     JOHN C. ROGERS
                                     Georgia Bar No. 612741
                                     *jrogers@carlockcopeland.com*

191 Peachtree Street, Suite 3600
Atlanta, Georgia  30303
404-522-8220
404-222-9482 (fax)
    ..........
P.O. Box 56887
Atlanta, Georgia  30303